**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190102-U

Order filed October 26, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| SANDRA LAWSON and JOHN WEBB, | ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, |
| Plaintiffs | ) | Will County, Illinois. |
| | ) | |
| (John Webb, Plaintiff-Appellant), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY IADEROSA, JR., JENNIFER | ) | |
| HELSEL IADEROSA, ANTHONY | ) | Appeal No. 3-19-0102 |
| IADEROSA, SR., FRED SYLVESTER, | ) | Circuit No. 17-L-224 |
| KARA NOBLE, ADVANCED INVENTORY | ) | |
| MANAGEMENT, INC., SILEX CAPITAL, | ) | |
| LP, TRIDENT HOLDINGS, LLC, LAKESIDE | ) | |
| BANK, and UNKNOWN DEFENDANT | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants | ) | The Honorable |
| | ) | Raymond E. Rossi, |
| (Lakeside Bank, Defendant-Appellee). | ) | Judge, presiding. |
| | ) | |

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice Lytton and Justice Schmidt concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it dismissed two counts of the plaintiff's complaint with prejudice.

¶ 2    The plaintiffs, Sandra Lawson and John Webb, filed a civil action against the defendants, Anthony Iaderosa, Jr.; Jennifer Helsel Iaderosa; Anthony Iaderosa, Sr.; Fred Sylvester; Kara Noble; Advanced Inventory Management, Inc.; Silex Capital, LP; Trident Holdings, LLC; Lakeside Bank; and unknown defendant John Doe; which sought recovery of substantial sums of money Webb lost while gambling on Internet sites owned and operated by some of the defendants. Counts XI and XII of the complaint alleged that defendant Lakeside Bank was liable to Webb for the negligent hiring, supervision, and retention of defendant Anthony Iaderosa, Jr. The circuit court dismissed those counts with prejudice, and Webb appealed. On appeal, Webb challenges the circuit court's dismissal of Counts XI and XII of the complaint with prejudice. We affirm.

¶ 3                                    I.  BACKGROUND

¶ 4    On March 17, 2017, the plaintiffs filed a multi-count civil complaint against the defendants. The complaint alleged, *inter alia*, that some of the defendants operated two Internet gambling sites and that between 2012 and 2017, plaintiff Webb placed numerous bets on the sites and lost substantial sums of money to those defendants. The complaint was amended three times. In part, the second amended complaint added two counts against Lakeside Bank for negligent hiring and negligent supervision and retention. Those counts were later dismissed without prejudice by the circuit court.

¶ 5    In relevant part, the third amended complaint repleaded the two counts against Lakeside Bank. Count XI alleged that Lakeside Bank was liable to Webb for negligently hiring Anthony Iaderosa, Jr. (hereinafter Iaderosa). Webb alleged that Iaderosa had been a customer of Lakeside Bank and involved in unlawful Internet gambling when he was named to the bank's board of

2

directors. Webb alleged that Lakeside Bank owed him a duty under the Unlawful Internet Gambling Enforcement Act of 2006 (UIGEA) (31 U.S.C. § 5361-66 (2016)) and the Bank Secrecy Act (31 U.S.C. § 5311-32 (2016)) to refrain from employing Iaderosa due to his illegal activities. The complaint stated that "[u]pon information and belief, Iaderosa's unlawful Internet gambling operation increased in size after he was retained by Lakeside Bank due to Iaderosa's position of influence at the Bank." Webb also alleged that as a result of Lakeside Bank's negligence, he suffered monetary damages including "gambling losses totaling approximately $10,400,000, a significant portion of which were incurred after Lakeside Bank retained Iaderosa as a Director."

¶ 6        Count XII alleged that defendant Lakeside Bank was liable to Webb for negligent supervision and retention of Iaderosa. Webb alleged that Lakeside Bank owed him a duty to ensure that it complied with the Act and that it breached that duty by allowing Iaderosa to deposit funds into the bank that were intended for unlawful Internet gambling. Webb alleged that as a result of Lakeside Bank's negligence, he suffered monetary damages including "gambling losses totaling approximately $10,400,000, a significant portion of which were incurred after Lakeside Bank retained Iaderosa as a Director."

¶ 7        Attached to the complaint was a printout of what purported to be some of the online bets that Webb had won and lost starting around the time Iaderosa was named to Lakeside Bank's board of directors.

¶ 8        Lakeside Bank filed a motion to dismiss counts XI and XII pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2018). The motion alleged that: (1) Lakeside Bank did not owe Webb a duty of care because neither the UIGEA nor the BSA provided consumers a private right of action against banks; (2) Webb did not allege that

3

Iaderosa's gambling activities occurred while performing his duties as a member of the board of directors; (3) Webb did not allege the existence of actual damages that were proximately caused by Lakeside Bank; and (4) by partaking in illegal activity, Webb was barred from recovering damages.

¶ 9        The circuit court held a hearing on Lakeside Bank's motion on February 14, 2019. During Lakeside Bank's argument, counsel referenced an unpublished case, *Rodriguez v. Marrero*, 2013 IL App (2d) 111033-U for the proposition that "there was no private action against a bank for negligence because they failed to comply with federal regulations that deal with knowing your customer." After hearing arguments, the court stated:

> "I don't believe Lakeside owed a duty to prevent the damages plaintiff seeks to recover, and even if there was a duty, none of the damages were proximately caused by the bank. Rather, the damages were the direct result of his choice to engage in illegal gambling activities. I mean, in terms of the causation issue, I go back to Paulsgraf [*sic*]. It's just simply too remote. And plaintiff is prohibited from recovering damages anyway from some illegal conduct.
>
>     There is [sic] no facts under which the Court finds that a common law duty runs from Lakeside to plaintiff. Plaintiff does cite to federal regulations it believes the bank failed to comply with, but I didn't read that to show that there is any extension of duty to plaintiff. Plaintiff cannot allege that Iaderosa's gambling activities occurred during the scope of employment, and there must

4

be a causal link between the hiring of the employee and the alleged damage. And the third amended complaint does not sufficiently allege damages.

Also, the Court rejects plaintiff's request that Lakeside reimburse him for judgments or fees he incurred in separate [Loss Recovery Act] cases against him. Plaintiff should not be permitted to use the judicial system as a means of creating a failsafe gambling strategy."

Accordingly, the court granted Lakeside Bank's motion and dismissed counts XI and XII with prejudice. Webb appealed.

¶ 10                                    II. ANALYSIS

¶ 11         On appeal, Webb argues that the circuit court erred when it granted Lakeside Bank's motion to dismiss. Before addressing that argument, however, we will first address Webb's preliminary argument that the circuit court erred when it considered an unpublished case in reaching its decision. He notes that Lakeside Bank cited an unpublished case from the Second District, *Rodriguez v. Marrero*, 2013 IL App (2d) 111033-U (unpublished order under Supreme Court Rule 23), in its motion to dismiss and referred to the case during arguments on the motion. He claims that the circuit court considered *Rodriguez* in reaching its decision that Lakeside Bank did not owe a duty of care to Webb. He further claims that due to this procedural error, he is entitled to a reversal of the circuit court's decision.

¶ 12         Webb has not cited any authority for the proposition that the consideration of an unpublished case by the circuit court is grounds for a reversal of the court's decision. Accordingly, he has forfeited this argument. Ill. S. Ct. R. 341(h)(7) (eff. May 28, 2018)

(requiring arguments to be supported by citation to relevant authority). Even absent forfeiture and assuming that such an error could support reversal, Webb's argument is factually meritless. The court made no direct reference to the challenged case in rendering its decision, nor is there anything in the comments of record to indicate that the circuit court relied on the unpublished order in arriving at its decision.

¶ 13    Turning to Webb's substantive argument, his claim that the circuit court's decision was erroneous is threefold: (1) it was error to find that Lakeside Bank did not owe a duty to him; (2) it was error to find that his alleged damages were not caused by Lakeside Bank; and (3) it was error to find that Webb was required to allege Iaderosa's gambling took place during employment and that it in fact did not occur during employment.

¶ 14    A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint by asserting it is facially defective. 735 ILCS 5/2-615 (West 2018); *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). When reviewing the sufficiency of a complaint, the court must take as true all well-pled facts and reasonable inferences flowing from those facts. *Id.* In addition, the complaint's allegations must be construed in the light most favorable to the plaintiff. *Id.* "Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* While a plaintiff need not include evidence in the complaint, "the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action [citation], not simply conclusions [citation]" (*id.* at 429-30). We review a circuit court's ruling on a section 2-615 motion to dismiss under the *de novo* standard. *Id.* at 429.

¶ 15    Count XI of Webb's complaint alleged that Lakeside Bank negligently hired Iaderosa. Count XII of Webb's complaint alleged that Lakeside Bank negligently supervised and retained Iaderosa.

> "An action for negligent hiring or retention of an employee requires the plaintiff to plead and prove (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998).

To prove a negligent supervision claim, a plaintiff must show that the defendant had a duty to supervise the party that caused harm; that the defendant negligently supervised the party that caused harm; and that the defendant's negligence proximately caused the plaintiff's injuries. *Doe v. Coe*, 2019 IL 123521, ¶¶ 52, 61.

¶ 16    Webb has alleged negligent hiring, supervision, and retention—claims that appear to arise uniformly in cases involving an employer-employee relationship.

¶ 17    He has alleged that Lakeside Bank named Iaderosa to its board of directors but has cited no law (1) equating the relationship between the bank's administrative/executive arm and its board of directors with that of an employer-employee relationship, or (2) if it is tantamount to such a relationship, that the board of directors equates to the employee rather than the employer. Accordingly, any such argument is forfeited.

7

¶ 18    Solely for the purpose of fully considering the substance of Webb's challenge to the dismissal with prejudice of Counts XI and XII, we ignore the forfeiture and assume the equivalency of legal relationships.

¶ 19    The question of whether a duty of care exists is a legal question for the court to decide. *Id.* ¶ 36. In *Coe*, our supreme court stated:

> "the initiation and existence of an employment relationship imposes a duty upon the employer to exercise reasonable care in employing only competent individuals. These duties are to all foreseeable individuals who might be impacted by the employee or his employment, such as a customer of a defendant business or a member of a defendant church." *Id.* ¶ 37.

¶ 20    In the complaint, Webb alleged that the basis for Lakeside Bank's duty to him derived from the UIGEA and the BSA. Webb reiterates this claim on appeal. However, he fails to acknowledge that federal law makes abundantly clear that neither the UIGEA nor the BSA provides rights of private enforcement. 31 U.S.C. § 5365 (2016) (providing original and exclusive jurisdiction under the UIGEA to federal district courts and providing no mechanism for private enforcement of the UIGEA); *In re Baum*, 386 B.R. 649, 659 (Bankr. N.D. Ohio 2008) (holding that the UIGEA does not create a private right of enforcement); 31 U.S.C. §§ 5321-22 (2016) (providing that liability for the failure to comply with the BSA is only to the federal government); *Trudel v. SunTrust Bank*, 223 F. Supp. 3d 71, 91 (D.D.C. 2016) (holding that the BSA does not create a private right of action). Accordingly, those laws cannot serve as bases for the imposition of a duty of care running from a bank to a private party. See *SFS Check, LLC v. First Bank of Delaware*, 990 F. Supp. 2d 762, 775 (E.D. Mich. 2013) (holding that the BSA does

not create a private right of action and therefore could not serve as a basis for imposing a duty of care from a bank to a private plaintiff); *Belle Meade Title & Escrow Corp. v. Fifth Third Bank*, 282 F. Supp. 3d 1033, 1039-40 (M.D. Tenn. 2017) (same).

¶ 21    Webb also claims that *Coe* supports his allegation that Lakeside Bank owed him a duty of care. However, in so arguing, Webb ignores the fact that *Doe* involved a clear employer-employee relationship between the defendant and the offending party—namely, a church that had hired the offending party as the director of its youth ministries. *Coe*, 2019 IL 123521, ¶ 13. An obvious prerequisite to sustaining claims of negligent hiring, supervision, and retention is that the offending party was an employee of the entity being sued. Yet in both the complaint and in his arguments on appeal, Webb acknowledges that Iaderosa was named to the board of directors but simply assumes that he was "hired" and was subject to supervision and to "termination" for activities unrelated to his duties as a member of the bank's board. He made these assumptions without pleading any supporting facts. See, *e.g.*, *id.* Conclusory allegations are insufficient to bring a claim within a legally cognizable cause of action. *Id.* ¶ 32 (holding that Illinois is a fact-pleading jurisdiction and even though a plaintiff is not required to include evidence in a complaint, the plaintiff "must allege facts sufficient to bring a claim within a legally recognized cause of action, not simply conclusions" (internal quotation marks omitted)). Accordingly, we reject Webb's claim that *Doe* supports his allegation that Lakeside Bank owed him a duty of care.

¶ 22    In sum, Webb failed to plead facts sufficient to show that Lakeside Bank owed him a duty of care or even that Iaderosa was an employee of Lakeside Bank. Under these circumstances, we hold that Webb clearly cannot prove any set of facts that would entitle him to relief under Counts XI and XII of his complaint. Therefore, we hold that the circuit court did not

9

err when it dismissed those counts with prejudice.  Our ruling obviates the need to address Webb's remaining arguments.

¶ 23                                    III.  CONCLUSION

¶ 24          The judgment of the circuit court of Will County is affirmed.

¶ 25          Affirmed.